**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**GARRY DAVID GALLARDO,**

      **Petitioner,**

**v.**                                     **Civil Action No. 5:17cv106
                                             (Judge Stamp)**

**JENNIFER SAAD, Warden,**

      **Respondent.**

**REPORT AND RECOMMENDATION**

**I. Introduction**

On July 12, 2017, the *pro se* Petitioner, Garry David Gallardo, an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence and conviction from the Western District of Texas. The Petitioner was granted lave to proceed *in forma pauperis* on July 13, 2017.

The matter is assigned to the Honorable Frederick P. Stamp, Jr., United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## II. Factual and Procedural History

### A. Criminal Case No. 5:87-cr-98[1]

The Petitioner was indicted on April 15, 1987 and charged with three counts of violating Title 18 U.S.C. § 2252(a)(1) by mailing sexually explicit matter regarding minors. On June 3, 1987, a superseding indictment was filed charging the Petitioner with the same three counts included in the original indictment and adding a fourth count charging him with yet another count of mailing sexually explicit material involving minors. On June 15, 1985, the Petitioner entered a guilty plea to all four counts against him. The Petitioner was sentenced to serve three consecutive six-year terms of imprisonment, to be followed by a ten-year term of imprisonment that was suspended in favor of a five-year term of probation.

The Petitioner did not file a direct appeal from either his conviction or sentence. However, in August of 1987, the Petitioner filed the first of what can best be characterized as a continuous flow of motions seeking relief from his conviction and sentence.

First, on August 1987, the Petitioner filed a letter which the Court construed as a request for relief under former Rule 35, Fed.R.Crim.P. requesting that his sentence be reduced on religious and humanitarian grounds.  The Court denied the relief requested on that same date.

On November 10, 1987, the Petitioner filed  his first motion pursuant to 28 U.S.C. § 2255 in which he alleged the following: (1) his sentence was manifestly unjust and

---

[1] Because of the age of this case, most of the documents are not available for viewing. Accordingly, in reciting the history of this case, the undersigned has relied on the Order entered by the Western District of Texas on March 27, 1997 denying the Petitioner's fourth motion to vacate his sentence pursuant to 28 U.S.C. § 2255. See ECF No. 192, Criminal Action No. 5:87-cr-98 available on PACER.

reflected the sentencing court's  consideration of the statement in the PSR attributing him with having fathered a child with his minor step-daughter; (2) his trial counsel rendered ineffective assistance of counsel by failing to present a defense based on insanity; (3) he was mentally incompetent when he entered his guilty plea; and (4) his guilty plea was involuntary because it was induced by the Government's threat to increase the charge against him if he refused to plead guilty to the superseding indictment. The Court denied the motion on August 31, 1989. The Petitioner did not appeal.

On November 28, 1988, while his first § 2255 motion was pending, the Petitioner filed a formal motion under former Rule 35 of the Federal Rules of Criminal procedure again arguing that the indictment was multiplicitous, his consecutive sentences violated the Double Jeopardy Clause, and his multiple convictions and consecutive sentences resulted from an erroneous interpretation of the applicable criminal statutes. On September 15, 29189, the Court denied the Petitioner relief. The Petitioner filed a Notice of Appeal, and in an opinion dated October 19, 1990, the Fifth Circuit affirmed the District Court's denial of relief.

On March 14, 1991, the Petitioner filed his second formal motion for relief under former Rule 35. By order dated April 19, 1991 the Court denied his motion to reduce a sentence. The Petitioner appealed that ruling. On December 13, 1991, the Fifth Circuit affirmed the District Court's decision. In that opinion, the Fifth Circuit ruled that (1) each separate use of the mails by defendant constituted a separate offense for double jeopardy purposes, (2) the 120-day period for filing a Rule 35 (b) motion attacking defendant's conviction expired long before defendant filed the motion in question, and

3

(c) the district court properly denied defendant's motion as successive, and (4) defendants' motion for release on recognizance pending the outcome of his post-conviction preceding was without merit because he had failed to raise a substantial constitutional claims upon which he had a high probability of success.

On January 22, 1992, the Petitioner filed yet another pleading seeking to collaterally attack his conviction and sentence. The Court construed the pleading as another motion for relief under § 2255. In that pleading, the Petitioner argued that (1) his multiple convictions and consecutive sentences were inconsistent with the proper construction of the criminal statutes under which he was indicted and convicted and (2) his multiple convictions and sentences violated Double Jeopardy principles. On March 23, 1992, the Government  filed its response and argued that the Petitioner's statutory construction arguments had twice before been rejected on the merits by the District Court and the Fifth Circuit. On March 30, 1992, the Petitioner filed his rebuttal to the Government's response, arguing that his second 2255 motion also raised a previously omitted claim that his multiple convictions and consecutive sentences violated the constitutional bar on ex post facto laws. In a Memorandum and Recommendation dated April 6, 1992, the Magistrate Judge found that the Petitioner's ex post facto claim was wholly without merit, that his statutory construction and double jeopardy claims were precluded by the rulings by the District Court and Fifth Circuit on his previous 2255 motion and Rule 35 motions and recommended that this second 2255 motion be treated as an abuse of the writ. The Petitioner filed objections. In an Order and Judgment dated April 16, 1993, the District Court accepted the Magistrate Judge's findings and recommendation and barred the Petitioner from filing any further post-sentence motions

4

without first obtaining approval from a District or Circuit Judge. The Petitioner did not appeal.

On June 2, 1992, while his second 2255 motion was pending before the District Court, the Petitioner filed a letter dated May 22, 1992 in which he requested that his sentence be reduced. In an order dated June 2, 1992, the Court construed that motion as one for relief under former Rule 35 and denied the same. The Petitioner filed no appeal from the denial of that motion.

On June 9, 1993, the Petitioner attempted to file several pleadings that collectively constituted yet another challenge to his conviction and sentence, but in an order that same day, the Court directed the Clerk to return those pleadings because the Petitioner had not obtained the prior permission of a District Judge or Circuit Judge before attempting to file the same. On June 21, 1993, the Petitioner filed a motion requesting leave of Court to file yet another challenge to his conviction and sentence. In an order dated June 28, 1993, the District Court granted the request but expressly reserved any ruling on the issue of whether such a motion would constitute an abuse of the writ and specifically advised the Petitioner that this would be the **last** motion challenging his conviction that this Court would permit the Petitioner to file. On July 14, 1993, the Petitioner filed his third motion pursuant to 2255, together with a host of other pleadings and motions, including a brief supporting his motion under 2255, a notice of intent to appeal from any adverse ruling on his third 2255 motion and a motion for appointment of counsel, a demand for jury trial, requests that the District Court take judicial notice of various statutes and matters, and a request for production of documents directed to the government. In an order dated July 16, 1993, the Magistrate

Judge denied the Petitioner's request for jury trial and request for discovery directed to the government, *sua sponte* raised the issue of abuse of the writ, advised the Petitioner of the law applicable to claims of abuse of the writ, and directed the Petitioner to answer a detailed questionnaire attached addressing the issue of abuse of the writ. The Petition filed his response to the questionnaire on August 3, 1993, in which he argued that he had previously been unable to secure legal assistance to aid in his post-sentence motions and that he had only recently discovered the grounds for relief that he presented for the first time in his third 2255 motion. In a Memorandum and Recommendation filed August 6, 1993, the Magistrate Judge found that the Petitioner had failed to allege any facts showing the existence of either cause or actual prejudice arising out of his failure to present the grounds included in his third 2255 in either his first or second 2255 proceedings, found that the Petitioner had failed to allege any facts showing that the District Court's refusal to address the merits of his third 2255 motion would constitute a fundamental miscarriage of justice, and recommended that this third 2255 motion be summarily dismissed as an abuse of the writ. The Petitioner filed his objections on August 20, 1993. In an Order and Judgment issued February 24, 1994, the District Court accepted the Magistrate Judge's findings and recommendation and dismissed the third 2255 motion as an abuse of the writ. The Petitioner filed his appeal from that judgment on February 24, 1994. In an unpublished opinion dated January 24, 1995, the Fifth Circuit dismissed the appeal as frivolous, specifically holding that the federal courts possess jurisdiction to hear cases arising under 18 U.S.C. § 2252:

> The Commerce Clause permits Congress to regulate activity affecting interstate commerce outside of federally owned land. That Congress enacted § 2252 pursuant to its authority under the Commerce Clause is apparent from the statute's prohibition of the

> transportation of child pornography in interstate commerce. When Congress has the power to enact laws under the Constitution, such as the Commerce Clause, the federal courts have jurisdiction to hear cases arising under such laws. [The Petitioner] was indicted for violating federal law prohibiting the shipment of child pornography in interstate commerce. Thus, the district court had jurisdiction over the prosecution of the charged offense.

On March 2, 1995, the Petitioner filed a formal written request for permission to file yet another pleading collaterally attacking his conviction. The Petitioner made no effort to explain why he had failed to present his due process claims of an invalid indictment and other allegations of constitutional violations in his many previous petitions and motions filed following his conviction and sentence. In an order issued March 3, 1995, the District Court denied the Petitioner permission to pursue yet another collateral attack upon his conviction and sentence, noting that the Fifth Circuit had not yet issued its mandate in his appeal from the Courts order of February 24, 1994 and discussing at length the Petitioner's propensity for filing frivolous motions, including at least one 2255 motion found to be an abuse of the writ. The Petitioner filed no appeal from that order.

On December 28, 1995, the Petitioner filed a pair of pleadings in which he requested that the District Court permit him to file a new 2255 motion in which he proposed to assert that (1) the indictment against him was fundamentally defective because it did not track the portion of the criminal statute which he was charged with violating, i.e., 18 U.S.C. § 2252 (a)(1), which references interstate commerce, (2) subsequent amendments to 18 U.S.C. 2256 somehow cast aspersions upon the validity of his current incarceration, (3) he was unlawfully punished because he did what the law plainly allowed him to do, and (4) his counsel rendered ineffective assistance by failing

7

to present the foregoing arguments prior to the entry of his guilty plea. However, the Petitioner offered no explanation to the District Court as to why he failed to present these claims in either his first, second or third 2255 proceedings. In an order issued January 11, 1996, the District Court denied the Petitioner leave to file his proposed fourth 225 motion and concluded that permitting him to file his proposed motion would constitute an exercise in futility because (1) his new claims were procedurally barred, (2) the court had previously disposed of many of the same claims in the course of denying his second and third 2255 motions, and (3) he had failed to allege any specific facts showing even an arguable basis for a finding of ineffective assistance in connection with his guilty pleas. In that same order, the Court reinstated sanctions against the Petitioner which prohibited from filing any post-judgment Motion collaterally attacking his sentence or conviction without first obtaining leave of the court for the filing of same.

On March 24, 1997, the Petitioner filed another request for permission to file another, proposed, fourth 2255 motion, this time presenting claims based upon amendments to federal child pornography statutes which became effective in 1996. Because the Antiterrorism and Effective Death Penalty Act of 1996 removed from the District Court the responsibility for initially authorizing the filing of a successive 2255 motion, the court denied the Petitioner's request because he had not presented the Court with an order from the Fifth Circuit expressly granting him permission to file the proposed new 2255 motion.

**Criminal Case No. 5:06cr133**

The Petitioner was eventually paroled, and supervision commenced October 3, 2004. On June 29, 2005, the Petitioner was arrested and charged in state court for possession of child pornography. On June 30, 2005, a motion to revoke his federal probation was filed, alleging the commission of that offense. A warrant was issued June 30, 2005, and the detainer was lodged. The state charge was dismissed, and the Petitioner was released into federal custody on September 13, 2005.

On March 15, 2006, the Petitioner was charged with possession of child pornography in Count One of the Indictment, in violation of 18 U.S.C. § 2252A(a)(5)(B), and with receipt of child pornography in Count Two of the Indictment, in violation of 18 U.S.C. 2252(a)(2). Pursuant to a plea agreement, the Petitioner pleaded guilty to both counts. On October 12, 2006, he was sentenced to serve 240 months in prison on Count One and 480 months in prison on Count Two, to run concurrently, to be followed by supervised release terms for life. The Petitioner appealed, and the government filed a motion to dismiss the appeal based upon an appeal waiver in the plea agreement, which motion was granted September 14, 2007.

On September 12, 2008, the Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. In it, he asserted that (1) he was denied the right to a speedy trial, (2) he was subjected to vindictive prosecution, (3) the prosecution engaged in misconduct during discovery, (4) he received ineffective assistance of trial and appellate counsel, (5) his Fourth Amendment rights were violated, ( 6) his supervised release term is illegal, (7) he was subjected to double jeopardy, (8) he was sentenced based upon facts not stipulated to by him, and (9) his sentence was disproportionate and disparate.  ECF No. 73. After considering the motion, the government's response, the Petitioner's reply

and the applicable law, the Magistrate Judge entered a Memorandum and Recommendation that the motion be granted in part and denied in part. More specifically, the Magistrate Judge recommended that the Petitioner's conviction and sentence for possession of child pornography (Count One) should be vacated as a violation of double jeopardy. ECF No. 87.  On September 29, 2011, the District Court entered an Order accepting the recommendation of the Magistrate Judge and vacated the Petitioner's conviction on Count One. ECF No. 124. On October 17, 2011, an Amended Judgment was entered, committing  the Petitioner to the custody of the BOP for a term of 480 months with credit for  time served while in custody for this offense. ECF No. 125,  On October 17, 2011, the Petitioner filed a Notice of Appeal. ECF No. 128. On May 14, 2012, the District Court denied the Petitioner a Certificate of Appealability. ECF No. 144. On February 12, 2012, the Fifth Circuit also denied the Petitioner a Certificate of Appealability. ECF No. 149.

On June 20, 2016, the Petitioner filed a 38-page *pro se* motion [ECF No. 151] which argued that (1) Congress lacked the constitutional authority to forbid individuals such as himself from engaging in interstate commerce and child pornography, (2) the federal courts lacked the constitutional authority to enforce federal criminal laws addressing interstate commerce, (3) the court lacked jurisdiction to sentence him, (4) his attorney failed to pursue a *pro se* speedy trial motion which movement filed, (5) he had a constitutional right to file pro se motions in his criminal case despite the fact that he was represented by counsel, (6) the AEDPA is unconstitutional, (7) the Constitution does not permit Congress to enact legislation addressing sexually related conduct, (8) his guilty pleas were invalid, (9) his claims were substantive, rather than procedural, in

10

nature, (10) he was entitled to an evidentiary hearing, and (11) he was entitled to his immediate release from custody. On June 20, 2016, the Petitioner filed a 49-page *pro se* rule 60 B motion in which he argued that (1) the judgments against him in both of his federal criminal cases are void because the court lacked subject matter jurisdiction over the charges against him which were premised upon unconstitutional federal criminal statutes, (2) Congress lacks the constitutional authority to regulate "sex -related commerce conduct," (3) because the State of Texas was once an independent Republic, Congress has no authority to enact laws which have any effect within the territory of the State of Texas, (4) Congress lacks constitutional authority to vest criminal jurisdictions in the federal District Courts, (5) the Court erred when it failed to hold an evidentiary hearing in his initial 2255 proceeding, (6) the Government's violation of his rights under the Speedy Trial Act deprived the Court of jurisdiction over his federal criminal case, (7) the Court erred and violated his due process principles in failing to address his *pro se* motion to dismiss based upon the alleged violation of his Speedy Trial Act rights, (8) the Federal Government lacked the authority to conduct the search and seizure within the State of Texas which resulted in his arrest, (9) Congress lacks constitutional authority to enact Chapter 110 of Title 18, United States Code, and (10) he is entitled to have all charges against him in both of his federal cases dismissed with prejudice. ECF No. 152.  In addition, on June 17, 2016, the Petitioner filed a motion for summary judgment, in which he reiterated many of the same arguments outlined above, to wit, his arguments that (1) his rights under the Speedy Trial Act were violated, (2) the Court lacked jurisdiction to enter a judgment of conviction upon him because Congress lacked the constitutional authority under the Commerce Clause to enact the child

pornography statutes to which he pleaded guilty, and (3) his conviction and sentence for receiving child pornography therefore violated due process principles. ECF No.

On June 21, 2016, the Court entered an order which construed all three motions as successive 2255 motions and dismissed them for want of jurisdiction because the Petitioner had failed to obtain certification from the Fifth Circuit to file a second or successive 2255 motion. In its order, the Court also denied the Petitioner a Certificate of Appealability. ECF No. 154.

On August 22, 2016, the Petitioner filed a notice of appeal. ECF No. 156. On September 21, 2016, the Fifth Circuit dismissed the appeal for want of prosecution. ECF No. 157.

**Revocation of Parole in Criminal Case No. 5:87cr98**

On October 12, 2006, a final revocation hearing was held in Criminal Case No. 5:87cr98. The Petitioner admitted the allegations. His probation was revoked, and he was sentenced to serve ten years in prison to run consecutively to any other sentence imposed upon him. The Petitioner again appealed. As grounds for relief, the Petitioner claimed that the District Court erred in denying his motions to quash the revocation because he raised a jurisdictional challenge to the underlying indictment which may be raised at any time. The Fifth Circuit Court of Appeals determined that a defective indictment is not a jurisdictional defect and that the Petitioner waived all non-jurisdictional defects by pleading guilty. The revocation was affirmed. On September 12, 2008, the Petitioner filed a motion to vacate the revocation. The motion was denied and dismissed September 24, 2008 and his appeal to the Fifth Circuit was dismissed January 9, 2009 for want of prosecution.

### III. Instant § 2241 Petition

The Petitioner is attacking his conviction and sentenced that was imposed in Criminal Case No. 5:87cr98. As ground one for relief, the Petitioner alleges that the conduct for which he was charged in the indictment was not within the enumerated powers of the Federal Government for Congress  to legislate. More specifically, the Petitioner alleges that "[a] reading of the Constitution, and basic elementary United States history reveals the lack of the Framers' intent to give the Federal Government the overbroad police power, where the Commerce Clause has never been a license for Congress to legislate over criminal conduct other than for those [ ] expressly provided for in the enumeration in Article I, § 8, cls. 6 and 10." ECF No. 1 at 6.

In his second ground for relief, the Petitioner alleges that the judicial power does not extend to criminal cases, but only to cases and controversies enumerated in Article III, § 2. Again, the Petitioner maintains that a plain reading of the Judicial Article reflects the intent of the framers not to vest the "inferior" courts of the United States with "judicial power" which is jurisdiction over cases that are criminal in nature, leaving such jurisdiction exclusively to the States under their laws and enforcement in the State courts of justice.

The Petitioner also alleges that the sentencing court violated the mandate of § 2255 by not conducting a hearing on his § 2255 motion filed Criminal Action No. 5:06cr133 which challenged an unconstitutional conviction for conduct not expressly enumerated in the Constitution for Congress to legislate over. In addition, the Petitioner maintains that the court used the conviction in 5:87cr-98 to enhance his conviction in

13

5:06cr133, and his current challenge to his first conviction will impact directly his conviction in the more recent conviction.

For relief, the Petitioner seeks a declaratory judgment that his convictions and sentences already served are unconstitutional, as well as the sentence yet to be served which is consecutive to the sentence that is presently being served. In addition, he asks this court to issue a writ of mandamus to the Respondent Government to have it file instruments to vacate the void convictions in the sentencing court. Finally, he asks this Court to strike down as unconstitutional 18 U.S.C. § 110 and the "gatekeeping" provision of ADEPA.

## IV. Legal Standard

### A.     Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The

14

requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of Respondent.


**V. Analysis**

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the

movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[2] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[2]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.  The date on which the judgment of conviction becomes final;
    b.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**

> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Further, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, §

---

d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added).  The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

To the extent that the Petitioner is challenging his conviction in either Criminal Case No. 5:87cr98 or Criminal Case No. 5:06cr133, even if he satisfied the first and third elements of Jones, the crimes for which he was convicted remain criminal offenses, and therefore, he cannot satisfy the second element of Jones. To the extent that he is challenging any sentence which has been imposed, the Petitioner cannot meet the second element of the Wheeler test because he cites no change to the settled law which established the legality of his sentence, let alone a change that has been deemed to apply retroactively to cases on collateral review.

Consequently, because the Petitioner attacks the validity of his conviction and sentence and fails to establish that he meets the Jones or Wheeler requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the

savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction.

Although the Petitioner clearly does not meet the savings clause, the undersigned will nonetheless address his primary arguments in the hope that the Petitioner will be dissuaded from continuing to pursue flawed arguments which serve only to unnecessarily burden the courts.

The Petitioner argues at length that the district courts cannot be vested with criminal jurisdiction. Article III, Section I of the United States Constitution provides: "The judicial Power of the United States, shall be vested in one Supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." U.S. CONST. art. III, § 1. Almost immediately after the ratification of the Constitution, Congress passed the Judiciary Act of 1789. In that Act,

> Congress proceeded to create not one set of inferior courts but two. It established for each state at least one District Court, and it also created three circuit courts. It established judgeships for the Supreme Court and for the District courts, but not for these circuit courts. Instead, the circuit courts, which were to hold two sessions each year at each district within the circuit, were comprised of two justices of the Supreme Court and the District Judge for the District.
>
> The district courts were entirely courts of original, or trial, jurisdiction. The Act authorizes courts to entertain admirably cases of minor criminal cases, and some other limited classes of cases.

13 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3503 (3d ed. 2018) (footnote omitted).

Congress has enacted various laws since 1789 that have made changes to the organization and jurisdiction of the federal courts. Relevant to the Petitioner's challenge to the District Courts jurisdiction, Congress

> in 1875 finally gave the lower federal courts original jurisdiction, in terms nearly identical to the constitutional grant, to cases arising under the Constitution, laws, or treaties of the United States. Thus for the first time Congress conferred general federal question jurisdiction, although in prior years particular statues had authorized jurisdiction in specific classes of federal question cases.
>
> Act of March 3, 1875, 18 Stat. 470.

Id. § 3504.

In 1891, Congress radically reshaped the federal judiciary by adopting the Everts Act:

> This statute created for each circuit a circuit court of appeals, and authorized the appointment of an additional circuit judge for each circuit. The new Circuit Court of Appeals was to consist of three judges, the two circuit judges and either a justice of the Supreme Court or one of the district judges from within the circuit….

Id. (footnote omitted).

> The Judicial Code of 1911 finally abolished the circuit courts. A source of complaint and controversy from their establishment in 1789, they had been quite unnecessary since the adoption of the Everts Act in 1891. In 1911 their original jurisdiction was transferred to the district courts.
>
> Act of March 3, 1911, 36 Stat. 1087.

Id.

As a result of these Acts of Congress pursuant to Article III, the district courts of the United States of America have had plenary jurisdiction over federal criminal cases since 1911. The United States District Court for the Western District of Texas is one of those United States District courts, and therefore, had proper jurisdiction over the Petitioner's criminal cases.

The Petitioner also argues that the Commerce Clause does not license criminal legislation, and therefore, the provisions under Chapter 110 of Title 18 of the United States Code are unconstitutional. His argument is clearly misguided.

The federal government may only act pursuant to a power granted to it by the United States Constitution. McCulloch v. Maryland, 178 US (4 Wheat) 316 (1819). Among the powers specifically enumerated in the Constitution is the power of the federal government to regulate interstate commerce. This power is set forth in the Commerce Clause, U. S. Const. art 1, § 8, cl. 3. It is now said that "[t]he Commerce Clause forms the broadest basis of Congressional power," Nevada v. Skinner, 884 F.2d 445 (9th Cir. 1989), cert. denied, 493 U.S. 1070 (1990), providing only a "nominal check" on the federal power to regulate. In re TMI Litigation Cases, Consol. II, 940 F.2d 832, 876 (3d Cir. 1991) (Scirica, J., concurring), cert. denied sub nom, 503 U.S. 906 (1992).

The modern test for the validity of the congressional exercise of Commerce Clause powers was stated in Hodell v. Indiana, 452 U.S. 314, 325 (1981): (A court may invalidate legislation enacted under the Commerce Clause only if it is clear that there is no rational basis for a congressional finding that the regulated activity affects interstate commerce, or that there is no reasonable connection between the regulatory means selected and the asserted ends." The exercise of Commerce Clause power will support the enactment of federal criminal statute is in at least three contexts: one, where the regulation relates to things "in commerce," be it misuse of the channels of interstate commerce, e.g., Brooks v. United States, 267 U.S. 432 (1925) (rejecting Commerce Clause challenge to the Dyer Act, 18 U.S.C. § 2312, which outlaws the interstate

transportation of stolen vehicles); <u>Hoke v. United States</u>, 227 U.S. 308 (1913) (rejecting Commerce Clause challenge to the Mann Act, 18 U.S.C. § 2421, which outlaws the interstate transportation of persons for purposes of prostitution); <u>Gooch v. United States</u>, 297 U.S. 124 (1936) (rejecting Commerce Clause challenge to the "Lindbergh Law," 18 U.S.C. § 1201, which outlaws kidnappings that are related to interstate transportation or commerce), or legitimate use of the channels of interstate commerce, e.g., <u>United States v. Darby</u>, 312 U.S. 100 (1941) (rejecting Commerce Clause challenge to statute prohibiting employers from paying wages below a certain rate if the employees manufacture goods for interstate commerce); <u>Barrett v. United States</u>, 423 U.S. 212 (1976) (federal statute prohibiting felons possession of firearms transported in interstate commerce applies to situations in which the interstate transportation occurred before the felons possession); two, where the targeted activity occurs solely intrastate but affects interstate commerce, e.g. interstate loansharking (18 U.S.C. § 891. et. seq.); and three, where the regulation involves protection of the instrumentalities of interstate commerce themselves, e.g., 18 U.S.C. § 32 (criminalizing the destruction of aircraft). <u>See also</u>, <u>United States v. Lopez</u>, 514 U.S. 549, 558-59).

The Petitioner has argued on more than one occasion that 28 U.S.C. § 2252 is unconstitutional, and he has been told that his argument is based on a faulty premise. See <u>United States v.</u> Gallardo, No. 94-50125, 47 F.3d 424 (5th Cir.) (Table), <u>cert. denied</u>, 515 U.S. 1110 (1995) (rejecting as frivolous the same Commerce Clause arguments). His argument continues to be frivolous.

Congress has noted that "child pornography…ha[s] become [a] highly organized, multimillion dollar industr[y] that operate[s] on a nationwide scale." S.Rep.

No. 95-438, at 5 (1977), reprinted in 1978 U.S.C.C.A.N. 40, 42, 1977 WL 9660. This marker is "quintessentially economic." Gonzales v. Raich, 545 U.S.1, 25 (2005). Congress through its comprehensive regulation, of which 18 U.S.C. § 2252a is a part, has attempted to eliminate the entire market for child pornography, which, as the court noted in Raich, is just as valid an exercise of Commerce Clause authority as a price and volume controls of an otherwise legal market. Accordingly, there is nothing invalid in the statute under which the Petitioner was convicted.

Finally, to the extent that the Petitioner argues that he cannot attack the sentence imposed in Criminal Case Number 5:06cr133, because it is a sentence yet to be served, the Petitioner again fails to establish that he can seek relief under  § 2241. 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

The Petitioner is in the custody of the BOP serving a 480 month term of imprisonment as imposed in an Amended Judgment on October 27, 2011 in Criminal Case No. 5:06cr133, and a ten year sentence imposed on October 13, 2006 in Criminal Case No, 5:87cr98 following revocation of his parole. His current projected release date via good conduct time is January 18, 2047. See bop.gov/inmateloc. The BOP is charged with calculating an inmate's sentence, and in so doing, aggregate imposed

sentences. Even if the Petitioner's sentences were not aggregated, he is in custody for purposes of §2255(a).

### VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

The Petitioner shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District  Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  March 18, 2019.

*/s, James P. Mazzone*

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

25