IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GARY DAVID GALLARDO,

       Petitioner,

v.                                    Civil Action No. 5:17CV106
                                                                                 (STAMP)
JENNIFER SAAD, Warden,

       Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
DENYING IN PART AND GRANTING IN PART PETITIONER'S MOTION TO
SUBSTITUTE RESPONDENT AND FOR LEAVE TO FILE OVERSIZE BRIEF IN
OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
OVERRULING PETITIONER'S OBJECTIONS AND
DISMISSING CIVIL ACTION WITHOUT PREJUDICE**

I. Background

The pro se[1] petitioner, Gary David Gallardo, filed his petition under § 2241. ECF No. 1. The petitioner was charged with three counts of violating 18 U.S.C. § 2252(a)(1) by mailing sexually explicit matter regarding minors. The petitioner also pled guilty to a superseding indictment charging petitioner with the same three counts included in his original indictment and a fourth count for mailing sexually explicit material involving minors. The petitioner was sentenced to three consecutive six-year terms of imprisonment, to be followed by a ten-year term of

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

imprisonment in the United States District Court for the Western District of Texas, that was suspended in favor of a five-year term of probation. The petitioner did not file a direct appeal from either his conviction or sentence, but filed various motions seeking relief from his conviction and sentence.

At issue now is the petitioner's § 2241 petition. In his petition, the petitioner attacks his conviction and sentence that was imposed with respect to "[m]ailing visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a), in a four-count indictment[,]" specifically case number "SA-87-cr-098." ECF No. 1 at 2. He contends that: (1) "[t]he conduct charged in the indictments are not within the enumerated powers of the Federal Government for Congress to legislate over, thus enact federal prohibitions, under the constitutional form of dual sovereignty government the Framers intended;" (2) "[t]he 'judicial [p]ower' does not extend to criminal cases, but only to cases and controversies enumerated in Article III, § 2, where when the United States is a party, it only extends to 'controversies' but not to all where the United States shall be a party[;]" (3) "[r]elief under 28 U.S.C. § 2255 is inadequate and ineffective to test the legality of a conviction whose sentence is not yet being served at the time of filing this petition[;]" and (4) "[t]he sentencing court violated the mandate of 28 U.S.C. § 2255, by not conducting a hearing on the 2255 motion filed in SA-06-cr-133, that

2

challenged an unconstitutional conviction, for conduct not expressly enumerated in the Constitution for Congress to legislate over, and the court used the conviction in SA-87-cr-098 to enhance the sentence in SA-06-cr-133, and the challenge of the convictions in SA-87-cr-098 will impact directly the conviction in SA-06-cr-133." Id. at 5-7. For relief, the petitioner requests that this Court "[g]rant declaratory judgment that the convictions on sentences already served are unconstitutional, as well as the conviction the sentence is yet to commence, that is consecutive to the present sentence being served; issue a writ of mandamus to the respondent Government to have a duty performed owed to petitioner, that of having the Government file in the sentencing court instruments to vacate the void convictions, thus requiring the resentencing, if not vacatur, of petitioner's convictions in the instant case being served, which will result in an earlier release of petitioner; and strike down as unconstitutional Chapter 110 of Title 18 of the United States Code, and the 'gatekeeping' provision of the [Antiterrorist and Effective Death Penalty Act] AEDPA, as its duty to say what the is, and what it cannot be, without properly passed constitutional amendments authorizing such police power." Id. at 8; see also ECF No. 31.

United States Magistrate Judge James P. Mazzone entered a report and recommendation. ECF No. 37. The magistrate judge recommends that the petitioner's petition be dismissed without

3

prejudice for lack of jurisdiction.  Id. at 24.  Following that report and recommendation, the petitioner filed a motion titled "Motion to Substitute Respondent and for Leave to File Oversize Brief in Objection to U.S. Magistrate's Report and Recommendation." ECF No. 43.  Petitioner attached his objections and it is filed as ECF No. 43-1.  In his motion, the petitioner seeks to replace Jennifer Saad with C. Gomez since petitioner indicates that there is a new warden at the institution and seeks permission to submit and for the Court to consider a total of twenty pages in objections, including exhibits.  ECF No. 43 at 1-2.  In his objections, petitioner asserts that the AEDPA should not exist and should not be enforced, petitioner provides an interpretation of case law pertaining to the Commerce Clause of the United States Constitution, and petitioner explains why he is held in custody in violation of the Constitution.

For the reasons set forth below, the report and recommendation of the magistrate judge (ECF No. 37) is affirmed and adopted, the petitioner's motion to substitute respondent (ECF No. 43) is denied, the petitioner's motion for leave to file oversize brief in objection to the magistrate judge's report and recommendation (ECF No. 43) is granted, and the petitioner's objections (ECF No. 43-1) are overruled.

II. <u>Applicable Law</u>

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u> as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in <u>United States v. United States Gypsum Co.</u>, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948). Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u>.

III. <u>Discussion</u>

The magistrate judge first correctly explained that to the extent that petitioner is challenging his conviction in either Criminal Case No. 5:87CR98 or Criminal Case No. 5:06CR133, the crimes for which he was convicted remain criminal offenses; therefore, he cannot satisfy the second element of <u>In re Jones</u>, 226 F.3d 328, 333-34 (4th Cir. 2000), which requires that "subsequent

5

to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." See ECF No. 37 at 17-18.

Second, the magistrate judge properly concluded that to the extent petitioner is challenging any sentence imposed, he cannot meet the second prong in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), which requires "subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review." See ECF No. 37 at 18.

Third, the magistrate judge correctly found that the savings clause does not apply to the petitioner's case because petitioner has failed to establish that he meets either the Jones or Wheeler requirements.

Fourth, the magistrate judge properly indicated that the petitioner's Commerce Clause argument is misguided, noting that his argument is based on a faulty premise and has been rejected on more than one prior occasion. See ECF No. 37 at 21-22.

Fifth, the magistrate judge correctly stated that to the extent petitioner argues that he cannot attack the sentence imposed in Criminal Case No. 5:06CR133 because it is a sentence yet to be served, the petitioner failed to establish that he can seek § 2241 relief. See id. at 23.

Therefore, this Court lacks jurisdiction to entertain the petition. This Court adopts and affirms the report and recommendation in its entirety, and the petitioner's § 2241 petition is denied and dismissed without prejudice.

IV. <u>Conclusion</u>

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 37) is AFFIRMED and ADOPTED. The petitioner's motion to substitute respondent and for leave to file oversize brief in objection to the magistrate judge's report and recommendation (ECF No. 43) is GRANTED IN PART and DENIED IN PART. Specifically, petitioner's request to substitute respondent is DENIED WITHOUT PREJUDICE[2] and petitioner's request for leave to file oversize brief in objection to the magistrate judge's report and recommendation is GRANTED. Moreover, the petitioner's objections (ECF No. 43-1) are OVERRULED. It is further ORDERED that this civil action be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

---

[2]This Court believes the style of this case should remain as is as of the time of the filing of the magistrate judge's report and recommendation.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: April 11, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE